**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RAFAEL CASTELLANOS,

Case No.

Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC. N/K/A EGS FINANCIAL CARE, INC.,

Defendant.

_______________________________________/

**COMPLAINT AND REQUEST FOR JURY TRIAL**

COMES NOW the Plaintiff, RAFAEL CASTELLANOS (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby sues NCO FINANCIAL SYSTEMS, INC. N/K/A EGS FINANCIAL CARE, INC., for damages and alleges in support thereof:

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff, Rafael Castellanos, is a natural person who resides in Lee County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

5. Defendant, NCO Financial Systems, Inc., now known as EGS Financial Care, Inc. (hereinafter referred to as "Defendant"), is a foreign profit corporation operating from a principal address of 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7). Defendant regularly conducts business in the State of Florida and has significant and substantial contacts with and throughout this State.

## FACTUAL ALLEGATIONS

6. Prior to September 2, 2014, Plaintiff owed a credit card debt (hereinafter the **"**Debt**"**) to Defendants' predecessor in interest, Department Stores National Bank/Macys, which he used only to make personal, family and household purchases.

7. On September 2, 2014, Plaintiff and his wife a joint Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida, Fort Myers Division, case no. 9:14-bk-10336.

8. On September 16, 2014, Defendant submitted a proof of claim in Plaintiff's bankruptcy case, asserting the right to payment on the Debt. *See* **Exhibit "A"**.

9. According to Defendant's own records, the last payment on the Debt was made on February 3, 2009.

10. Thus, the statute of limitations to collect the Debt had expired before the Plaintiff filed his bankruptcy petition.

11. By filing the proof of claim in Plaintiff's bankruptcy case, Defendant was asserting a

legal right to payment on the credit card debt that did not exist at that time due to the expiration of the relevant statute of limitations.

12. Defendant's filing of the time-barred claim in Plaintiff's bankruptcy case could not have been done in error, as the Defendant's own records reflect the last date on which payment was made on the Debt. Defendant, in filing the proof of claim, specifically knew such date at the time of filing, and therefore was completely aware that its claim to the Debt had expired. Accordingly, Defendant's actions could not have been error, and must have been knowing, voluntary and intentional.

13. Upon information and belief, it is Defendant's routine business practice to knowingly and intentionally file stale proof of claims in consumer debtor bankruptcy cases in an attempt to collect debt that can no longer legally be collected from such debtors in violation of consumer protection laws.

14. The filing of a proof of claim in a bankruptcy case requires compliance with the FDCPA. *See* 15 U.S.C. §§ 1692(e)(11) and 1692g; *see also Crawford v. LVNV Funding, et al.*, 758 F.3d 1254 (11th Cir. 2014).

15. By signing a proof of claim in a bankruptcy case, a creditor is representing to the bankruptcy court that it conducted a reasonable investigation into the law and the facts surrounding such claim, and that its inquiry led to the conclusion that the proof of claim was warranted by existing law or non-frivolous argument. *See In the Matter of Sekema*, 523 B.R. 651, 653 (Bankr. N.D. Ind. 2015); *see also* Federal Rule of Bankruptcy Procedure 9011.

16. As recognized by *Feggins v. LVNV Funding, et al.*, case no. 14-ap-01049 (M.D. Ala. Aug. 25, 2015), "the FDCPA compliments the Bankruptcy Code both in purpose and in practice. There is no implicit repeal of the FDCPA in the [bankruptcy] claims allowance process;

thus, there is no preclusion of FDCPA claims based on the filing of facially time-barred proofs of claim."

17. The actions of the Defendant as alleged herein constitute willful, intentional, gross and flagrant violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*

**COUNT I**
**VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**
**Fla. Stat. § 559.72(9)**

18. Plaintiff incorporates by reference paragraphs 1 through 17 above as though fully stated herein.

19. Upon information and belief, Defendant did knowingly assert a legal right to payment of a consumer debt from Plaintiff, which right did not exist at the time it was asserted, in direct violation of Fla. Stat. § 559.72(9).

20. The filing of a proof of claim in a bankruptcy case constitutes an effort to obtain payment of a debt, and further constitutes the assertion of a legal right to such payment. Therefore, the filing of a proof of claim on time-barred debt constitutes a violation of Fla. Stat. § 559.72(9).

21. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77(2) from Defendant.

22. Additionally, Fla. Stat. § 559.77(2) provides that a court may award punitive damages to Plaintiff. Plaintiff will seek to amend the Complaint to seek same if discovery shows punitive damages may be proper.

**COUNT II**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e(2)(A)**

23. Plaintiff incorporates by reference paragraphs 1 through 17 above as though fully stated herein.

24. Upon information and belief, Defendant did knowingly make a false representation of the legal status of the Debt by falsely representing in the proof of claim that the Debt was legally collectible, in direct violation of 15 U.S.C. § 1692e(2)(A).

25. The filing of a proof of claim in a bankruptcy case constitutes an effort to obtain payment of a debt, and further constitutes the assertion of a legal right to such payment. Therefore, the filing of a proof of claim on time-barred debt constitutes a violation of 15 U.S.C. § 1692e(2)(A).

26. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Defendant.

**COUNT III**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e(10)**

27. Plaintiff incorporates by reference paragraphs 1 through 17 above as though fully stated herein.

28. Upon information and belief, Defendant did knowingly use a false representation and deceptive means to collect the Debt by falsely representing in the proof of claim that the Debt was legally collectible, in direct violation of 15 U.S.C. § 1692e(10).

29. The filing of a proof of claim in a bankruptcy case constitutes an effort to obtain payment of a debt, and further constitutes the assertion of a legal right to such payment.

Therefore, the filing of a proof of claim on time-barred debt constitutes a violation of 15 U.S.C. § 1692e(10).

30. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Defendant.

**COUNT IV**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f**

31. Plaintiff incorporates by reference paragraphs 1 through 17 above as though fully stated herein.

32. Upon information and belief, Defendant did knowingly use unfair and unconscionable means to collect the Debt, in direct violation of 15 U.S.C. § 1692f.

33. The filing of a proof of claim in a bankruptcy case constitutes an effort to obtain payment of a debt, and further constitutes the assertion of a legal right to such payment. Therefore, the filing of a proof of claim on time-barred debt constitutes a violation of 15 U.S.C. § 1692f.

34. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Defendant.

**TRIAL BY JURY**

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

**WHEREFORE**, the Plaintiff, RAFAEL CASTELLANOS, having set forth her claims for relief against the Defendant, NCO FINANCIAL SYSTEMS, INC. N/K/A EGS FINANCIAL CARE, INC., respectfully prays that judgment be entered against Defendants:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;
- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;
- for an award of actual damages for Plaintiff suffered as a result of the intentional and/or negligent FDCPA and FCCPA violations in an amount to be determined at trial; and
- for such other and further relief as may be just and proper.

Dated: September 15, 2015

*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL 33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
***Attorneys for Plaintiff***

By: /s/ Joseph C. LoTempio
Joseph C. LoTempio, Esq.
Fla. Bar No. 0086097
jlotempio@dellutrilawgroup.com